**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | | |
|---|---|---|
| **TERRENCE L. SWANSON** | ) | |
| | ) | |
| **v.** | ) | **3-09-CV-41-D** |
| | ) | |
| **AEGIS COMMUNICATIONS GROUP,** | ) | |
| **INC.** | ) | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on October 21, 2009, and the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) came on to be considered Defendant Aegis Communications Group, Inc.'s motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, filed on September 21, 2009, together with Plaintiff's response filed on October 14, 2009, and Defendant's reply filed on October 29, 2009, and the magistrate judge finds and recommends as follows:

Terrence L. Swanson filed a *pro se* complaint in this styled and numbered action on January 8, 2009. His complaint was accompanied by his motion for leave to proceed *in forma pauperis,* which was ultimately granted by the court in an order filed on June 18, 2009, in which the clerk was ordered to issue summons for Defendant. Process was served on Aegis Communications Group on June 29, 2009. Defendant filed an answer to the complaint on July 20, 2009, and thereafter its motion to dismiss pursuant to Rule 12(b)(6) - specifically contending that Swanson's complaint fails

to state a claim upon which relief can be granted.[1]

Rule 8(a), Federal Rules of Civil Procedure, requires that a pleading alleging a claim for relief must contain *inter alia* " a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007) and more recently in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the United States Supreme Court addressed and described that which is required in a complaint to satisfy the requirements of Rule 8(a)(2).  As the Court held in *Twombly* while Rule 8 does not require "detailed factual allegations," it does demand more than an unadorned "the - defendant - unlawfully harmed me" accusation.  550 U.S. at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of further factual enhancement. *Id.* at 557.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  The plausibility standard asks for more than a sheer possibility that a defendant has acted in violation of law.

---

[1] In this case Defendant filed an answer and affirmative defenses to Plaintiff's complaint on July 20, 2009 (Doc. 13).  The pleading did not allege that the complaint failed to state a claim upon which relief could be granted as an affirmative defense. Defendant's motion to dismiss was not filed until September 21, 2009.  Rule 12(b) provides in pertinent part that a 12(b)(6) motion "should be made before pleading if a further pleading is permitted."  Therefore, technically speaking, a Rule 12(b)(6) motion filed after an answer has been filed is untimely.  However, this procedural error is not dispositive since the court may consider the motion to dismiss under Rule 12(c) or Rule 12(b)(2).  *See Delhomme v. Caremark RX, Inc.,* 232 F.R.D. 573, 576, n. 2. (N.D. Tex. 2005).  Treatment of the motion under Rule 12(c) is particularly appropriate since the Fifth Circuit has observed that the standards for deciding motions under Rule 12(b)(6) or Rule 12(c) are the same.  *See Great Plains Trust v. Morgan Stanley Dean Witter,* 313 F.3d 305, 313, n. 8 (5th Cir. 2002).  Accordingly, it is appropriate to apply the pleading requirements set out in the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937 (2009).

Although when considering a motion to dismiss under either Rule 12(b)(6) or Rule 12(c) a court must accept as true all of the allegations contained in a complaint, threadbare recitations of the elements of a cause of action supported by mere conclusory statements does not suffice. *Twombly* at 555.  *See also Iqbal*, 129 S.Ct. at 1949-50.  It is also well established that a court's analysis of a motion to dismiss is limited to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.[2]

In order to state a plausible claim for relief under the Americans With Disabilities Act (the ADA) the complaint must allege sufficient factual matter to establish that the plaintiff suffers from "a physical ... impairment that substantially limits one or more of the major life activities of [the plaintiff]." 42 U.S.C. § 12102(2)(A); *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 119 S.Ct. 2139 (1999).[3]  "A 'disability' exists only where an impairment 'substantially limits' a major life activity, not where it 'might,' 'could,' or 'would' be substantially limiting if mitigating measures are not taken." *Sutton,* 527 U.S. at 482.  Swanson's complaint neither specifies any physical impairment from which he claims to have suffered while working for Aegis Communications nor does the complaint allege that any medical condition from which he claims to have suffered meets the definition of a "disability" under § 12102 (2)(A) of the ADA. It is, therefore, clear that these deficiencies divest the ADA claim of the required facial plausibility under Rule 8(a)(2).  Therefore, the ADA claim in Plaintiff's complaint should be dismissed pursuant to Rule 12(c), Federal Rules

---

[2]Defendant correctly notes in its reply that the court is not permitted or required to consider the reports and letters attached to Plaintiff's response to its motion.

[3]The ADA includes two other definitions of a "disability," i.e. § 12102(2)(B) and (C), neither of which appears to be implicated in Plaintiff's complaint.

of Civil Procedure.[4]

The complaint also alleges that Defendant has retaliated against him for having filed a complaint with the EEOC.

"To show an unlawful retaliation, a plaintiff must establish a *prima facie* case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir. 1999). *See also St. John v. NCI Bldg.,* 537 F.Supp.2d 848, 863-64 (S.D. Tex. 2008), aff'd 299 Fed.Appx. 308 (5th Cir. 2008).

An examination of Swanson's complaint and the attached right-to-sue letter demonstrates that the complaint fails to allege the elements of a colorable retaliation claim and does not contain sufficient factual assertions to "state a claim ... plausible on its face."

Although the EEOC's right-to-sue letter is sufficient to show that Plaintiff engaged in protected conduct, i.e. an employee's right to file an ADA complaint with the EEOC, neither the complaint filed on January 8, 2009, nor the right-to-sue letter provides the date on which Swanson filed his complaint in EEOC Charge No. 450-2008-03454 or the date on which Defendant was made aware of the existence of the administrative complaint. Moreover, the complaint neither provides factual matters sufficient to raise plausible support for finding that he suffered an adverse employment action nor does it allege a causal connection between the otherwise unidentified adverse employment action and the filing of his charge in No. 450-2008-03454.

---

[4]Since Swanson's complaint fails to allege a plausible disability under the ADA his failure to accommodate claim is foreclosed as well. *See e.g. Newberry v. East Texas State University,* 161 F.3d 276, 280 (5th Cir. 1998). ("[A]n employer need not provide reasonable accommodation to an employee who does not suffer from a substantially limiting impairment merely because the employer thinks the employee has such an impairment.").

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the District Court exercise its discretion to treat Defendant's motion to dismiss as a motion for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure and enter its order granting the same together with its judgment dismissing Plaintiff's complaint.

Signed this 4th day of December, 2009.

                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

**NOTICE**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).