IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE L. SWANSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-0041-D |
| VS. | § | |
| | § | |
| AEGIS COMMUNICATIONS GROUP, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

Defendant Aegis Communications Group, Inc. ("Aegis") filed on September 21, 2009 a motion to dismiss for failure to state a claim on which relief may be granted. The court referred the motion to the magistrate judge, who recommended on December 4, 2009 that the motion be treated as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings and be granted. Plaintiff Terence L. Swanson ("Swanson") filed on December 22, 2009 his objections to the magistrate judge's report and recommendation and a motion for leave to amend. Aegis responded on January 4, 2010 to Swanson's objections and to his motion for leave to amend.

After making an independent review of the pleadings, files, and records in this case, and the report and recommendation of the magistrate judge, the court concludes that the recommendation is partially correct. The court therefore grants Aegis' motion for judgment on the pleadings.

Although the court grants the motion, it declines to dismiss Swanson's lawsuit with prejudice without affording him one more opportunity to plead a claim that can withstand dismissal at the pleading stage. If Swanson were represented by counsel, before dismissing his case, the court would allow him another opportunity to plead a claim on which relief can be granted. *See, e.g., Hannover Life Reassurance Co. of Am. v. Baker, Lowe, Fox Ins. Mktg., Inc.*, 2001 WL 1586874, at *5 & *5

n.8 (N.D. Tex. Dec. 10, 2001) (Fitzwater, J.). And because Swanson is proceeding *pro se*, it is settled that he should be given one more opportunity to plead his best case. *See, e.g., Scott v. Byrnes*, 2008 WL 398314, at *1-*2 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.) (quoting *Sims v. Tester*, 2001 WL 627600, *2-*3 (N.D.Tex. Feb.13, 2001) (Fitzwater, J.)). Accordingly, the court declines at this time to dismiss Swanson's suit. Swanson must file an amended complaint no later than January 26, 2010 that pleads a claim against Aegis on which relief can be granted. After he files his amended complaint, Aegis may move anew for dismissal, if it has grounds to do so.

In view of this decision, Swanson's December 22, 2009 motion for leave to amend is denied without prejudice as moot.

In Aegis' response to Swanson's motion for leave to amend, it points to procedural defects in the motion. Because the court is granting Swanson leave to amend without considering his motion, the court need not address these defects at this time. The court advises Swanson, however, that even though he is a *pro se* litigant, he is obligated to adhere to the Federal Rules of Civil Procedure and to this court's local civil rules. His failure to do so could have adverse consequences, including denial of a motion or, in certain circumstances, dismissal of his lawsuit.

\* \* \*

Accordingly, the court adopts in part the December 4, 2009 report and recommendation of the magistrate judge. The court grants Aegis' September 21, 2009 motion for judgment on the pleadings, but it allows Swanson to file, no later than January 26, 2010, an amended complaint that

states a claim on which relief can be granted. The court denies Swanson's December 22, 2009 motion for leave to amend without prejudice as moot.

**SO ORDERED**.

January 5, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE