IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE L. SWANSON | ) | |
| | ) | |
| v. | ) | 3-09-CV-41-D |
| | ) | |
| AEGIS COMMUNICATIONS GROUP, INC. | ) ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on February 19, 2010, and the provisions of 28 U.S.C. § 636 (b)(1)(B) and (C), came on to be considered Defendant's February 16, 2010, motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff did not file a timely response to the motion, and the magistrate judge finds and recommends as follows:

Because the Fifth Circuit strictly construes the 90-day limitation period within which a claimant must file a legal action following receipt of a right-to-sue letter, *see e.g. Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir. 1986), the court first addresses Defendant's argument that Plaintiff's newly added claims in his amended complaint are time-barred.

Swanson's original complaint filed on January 8, 2009, alleged that while employed by Defendant, he was the victim of violations of the Americans With Disabilities Act (the "ADA"). In his amended complaint filed on January 26, 2010, Plaintiff alleges that Aegis Communications Group violated the provisions of Title VII of the Civil Rights Act as well as protections afforded under the ADA. In his EEOC complaint, Defendant's Appendix 4, Swanson claimed that violations of both statutes had occurred during his employment. Accordingly, his amended complaint does not raise a claim which was not administratively exhausted. Therefore, the standard to be applied is that

found in Rule 15(c) pertaining to when an amended complaint relates back to the date of the original complaint. In *Watkins v. Lujan,* 922 F.2d 261, 265 (5th Cir. 1991), the Court stated that "[s]o long as the Title VII claim is based on discrimination originally charged in the complaint, allowing [the claim] to relate back to the date of filing ... works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit." As noted in Defendant's appendix, it received a copy of Plaintiff's EEOC complaint on August 6, 2008, which gave fair notice of his employment discrimination complaints, five months before he filed suit in this court. *See* Defendant's Appendix at 2 and 4. Therefore, the court should find that the Title VII claims raised in Swanson's amended complaint relate back to January 8, 2009, which was within the 90-day period following his receipt of the EEOC's right-to-sue letter.

In analyzing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. However, as stated in the Supreme Court's recent decision in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937 (2009), "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged ... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief'." 129 S.Ct. 1949. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

In its motion Aegis Communications Group identifies three distinct claims purportedly

asserted in Swanson's amended complaint. The magistrate judge concurs in Defendant's deliniation, particularly in light of the fact that Plaintiff has not responded to the motion to dismiss.

Swanson's amended complaint seeks to have Defendant found liable for alleged sexual harassment and ethics violations. *See* Amended Complaint at 2-3. Plaintiff has not identified any state or federal statutory or case authority which recognizes a cause of action predicated on "ethics violations." Insofar as he seeks to assert a cause of action based on sexual harassment and on a hostile work environment, his amended complaint fails to comply with the pleadings requirements set out in the Supreme Court's decisions in *Twombly* and *Iqbal.*

In order to establish a cognizable claim of sexual harassment a plaintiff must prove that he suffered discrimination in the form of a tangible employment action, such as a demotion, denial of a promotion or due to the creation of a hostile or abusive work environment on account of his sex. *See e.g. Faragher v. City of Boca Raton,* 524 U.S. 775, 786, 118 S.Ct. 2275 (1998); and *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399 (1986). Conspicuous by its absence is the identification of any adverse tangible employment action or any factual allegations from which such a discriminatory tangible employment action can be inferred.

Plaintiff's claim that he was subjected to a hostile work environment is likewise insufficient and lacking in pleaded facts alleging a plausible claim for relief. In the recent case of *Alaniz v. Zamora-Quezada,* 591 F.3d 761, 771-772 (5th Cir. 2009), the Court reviewed the requirements necessary to establish a hostile work environment and related the facts in previous Fifth Circuit decisions in which claims of hostile work environment were alleged. When the necessary elements and factual bases for such a claim - which a reasonable person would find hostile and abusive - are juxtaposed with the cursory allegations in the amended complaint at page 2, it is self-evident that

Swanson has failed to allege sufficient facts to state a plausible claim for relief. *Iqbal,* 129 S.Ct. at 1949.

It appears that Plaintiff continues to pursue a claim under the ADA. In the magistrate judge's prior recommendation filed on December 4, 2009, I found that his original complaint was insufficient to satisfy the requirement to allege that he suffered from a "disability" based upon a "physical impairment" as that term appears in 42 U.S.C. § 12191 (2)(A) and as described in *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 482, 119 S.Ct. 2139 (1999). *See* recommendation at 3. In determining whether the amended complaint alleges a plausible claim for relief under the ADA, the court analyzes the factual allegations in light of the elements which a plaintiff must prove to establish a *prima facie* claim of discrimination. Specifically a claimant must "prove that: (1) he has a 'disability;' (2) he is 'qualified' for the job; and (3) an adverse employment decision was made solely because of his disability." *Turco v. Hoechst Celanese Corp.,* 101 F.3d 1090, 1092 (5th Cir. 1996), citing *Rizzo v. Children's World Learning Centers, Inc.,* 84 F.3d 758, 763 (5th Cir. 1996).

Although it is alleged that Plaintiff sustained some kind of on-the-job injury which required a leave of absence, Amended Complaint at 4, his ADA claim fails to allege facts which are plausibly sufficient to establish that he was under a "disability" as that term is defined in the ADA and the case law interpreting the same. Therefore, Swanson's amended complaint fails to state a plausible claim for relief under the ADA.

In order to allege a plausible claim for unlawful retaliation under the ADA, a plaintiff must establish the following elements in stating a *prima facie* case: (1) that he was engaged in an activity protected by the ADA; (2) that he suffered an adverse employment action; and (3) the existence of a causal connection between the protected activity and the adverse action. *See e.g. Seavan v. CSPH,*

*Inc.,* 179 F.3d 297, 301 (5th Cir. 1999). A similar showing is required to make out a *prima facie* case of retaliation under Title VII.

In his EEOC complaint filed on July 5, 2008, Swanson alleged that he was denied a reasonable accommodation by Defendant in refusing to permit him to return to work on June 23, 2008, because he had not been given a full-medical release. *See* Defendant's Appendix at 4. In the attachments to his amended complaint Plaintiff includes a number of letters and documents which conclusively show that there is not even a sheer possibility that the second and third elements of a *prima facie* case can be met.

To satisfy the administrative exhaustion requirement under the ADA, Plaintiff's retaliation claim must relate to conduct which occurred prior to the date of the EEOC complaint or which was a continuing violation. As noted above, Swanson suffered an on-the-job injury on December 4, 2007. As a result of this injury he missed work over an extended period of time and as late as April 1, 2008, he informed Defendant's HR Manager, Debbie Gilliam, that he was unable to return to work. On June 9, 2008, Ms. Gilliam wrote to advise him when the next training program would begin and for him to obtain a full release from his doctor. In a follow-up letter dated June 23, 2008, Ms. Gilliam again reiterated the requirement that he obtain a full medical release.

Where a plaintiff's own pleadings demonstrate that the only reason he was not allowed to return to work was due to his failure to obtain a medical release,[1] he cannot make a plausible showing that he was a victim of an adverse employment action. Since Swanson's complaint fails to make a plausible claim with respect to the second element, it necessarily follows that the causality

---

[1] As noted above and as noted in my previously recommendation, Plaintiff has failed to allege that he has ever suffered from a "disability" as that term is used in the ADA.

element falls short as well.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that Defendant's motion to dismiss be granted and that judgment be entered dismissing Plaintiff's amended complaint.

A copy of this recommendation will be mailed to Plaintiff and counsel for Defendant.

Signed this 22nd day of March, 2010.

*[signature: Wm. F. Sanderson, Jr.]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).