IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE L. SWANSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-0041-D |
| VS. | § | |
| | § | |
| AEGIS COMMUNICATIONS GROUP, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, and the March 22, 2010 report and recommendation of the magistrate judge, the court concludes that the report and recommendation are correct and are therefore adopted. The February 16, 2010 motion to dismiss of defendant Aegis Communications Group, Inc. ("Aegis") is granted. Because the court has already allowed plaintiff Terence L. Swanson ("Swanson") one opportunity to amend his complaint after granting a motion for judgment on the pleadings filed by Aegis, this lawsuit is dismissed with prejudice by judgment filed today.

Swanson did not file objections to the magistrate judge's report and recommendation. In advance of the magistrate judge's report and recommendation, however, Swanson filed a March 19, 2010 motion to intervene and set hearing. In his motion, Swanson requests a hearing to discuss the appointment of counsel, clarification of Title VII issues, possibly joining other plaintiffs, and presenting his case verbally.

The court denies Swanson's motion. First, the magistrate judge has twice denied motions by Swanson to appoint counsel in this case. In the magistrate judge's February 8, 2010 order, he explained the deficiencies in Swanson's latest request for appointed counsel. Swanson has not

addressed those deficiencies. Having considered the same factors identified in the magistrate judge's February 8, 2010 order, the court again denies Swanson's request for appointed counsel. Second, in view of the court's order granting defendant's motion to dismiss, and the fact that the court has previously afforded Swanson an opportunity to file an amended complaint, there is no reason to convene a hearing for the purpose of clarifying Title VII issues or discussing the possible joinder of other plaintiffs. Third, as the plaintiff in this case, Swanson is required to set forth in writing causes of action that state claims on which relief can be granted. He cannot satisfy this obligation by requesting a court hearing at which he explains his claims verbally.

Accordingly, the court adopts the March 22, 2010 report and recommendation of the magistrate judge, grants Aegis' February 16, 2010 motion to dismiss, denies Swanson's March 19, 2010 motion to intervene and set hearing, and dismisses this lawsuit by judgment filed today.

**SO ORDERED**.

April 29, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE